IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:04-CR-78-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| EUGENE HORTON, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on defendant's *pro se* motion to reduce his federal sentence (DE # 53). Defendant asks the court to reduce his sentence based on a 1-to-1 crack cocaine to powder cocaine ratio, or, in the alternative, to reduce his sentence based on the recently passed Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (Aug. 3, 2010), which increases the amount of crack cocaine necessary for the statutory minimum and maximum penalties provided for in 21 U.S.C. § 841(b)(1) to be applicable, and directs the United States Sentencing Commission ("the Commission") to amend the guidelines applicable to crack cocaine offenses accordingly. The government did not respond to defendant's motion, and the matter is now ripe for adjudication.

## BACKGROUND

Defendant pleaded guilty on October 18, 2004, to one count of possession with intent to distribute more than five grams of cocaine base and one count of use, carrying, or possession of a firearm during and in relation to a drug trafficking crime. On April 19, 2005, the court sentenced defendant to ninety-one (91) months of imprisonment on count one and twenty (20) months on count two, to be served concurrently, with a term of supervised release of five years. On February 6, 2008,

defendant filed a motion for retroactive application of the sentencing guidelines to crack cocaine offenses. On July 1, 2009, the court denied defendant's motion, which denial was affirmed by the Fourth Circuit on October 27, 2009. On December 6, 2010, defendant filed the instant motion with the court, requesting that a 1-to-1 ratio be applied to drug offense, or in the alternative, an 18-to-1 ratio be applied.

## DISCUSSION

Defendant first asks the court to reduce his sentence based on a 1-to-1 ratio as well as his immediate release from imprisonment. The cases that defendant has cited in support of the 1-to-1 ratio are not binding precedent on this court, and the court declines, as have other cases in this circuit, to adopt the suggested ratio. See, e.g., United States v. Hairston, 2010 WL 3521591, at *3 (N.D.W.Va., Sept. 3, 2010).

In the alternative, defendant asks the court to reduce his sentence based on the Fair Sentencing Act of 2010, which amended the statutory minimum and maximum penalties for drug-trafficking offenses involving crack cocaine. The state of the law prior to the Fair Sentencing Act is as follows:

> With respect to drug-trafficking offenses, the Sentencing Guidelines establish a defendant's base offense level according to the type and weight of the drug. When the Commission first promulgated the Guidelines in 1987, it adopted the 100-to-1 ratio selected by Congress in setting mandatory minimum sentences in the Anti-Drug Abuse Act of 1986. Under that framework, the Commission treated every gram of crack cocaine as the equivalent of 100 grams of powder cocaine. The Commission later sought to alleviate the disparity produced by this ratio. After several failed attempts at reform, the Commission in 2007 amended the Guidelines to reduce by two levels the base offense level associated with each quantity of crack cocaine. In 2008, the Commission made that amendment retroactive.

2

Case 7:04-cr-00078-FL   Document 56   Filed 05/19/11   Page 2 of 3

Dillon v. United States, 130 S. Ct. 2683, 2688 (2010) (internal quotation marks and citations omitted). The Fair Sentencing Act reduces the statutory ratio to 18-to-1, and directs the Commission to promulgate appropriate Guidelines provisions to take into account the new ratio.

The court is permitted to modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). "When the Commission makes a Guidelines amendment retroactive, . . . § 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is based on the amended provision." Dillon, 130 S. Ct. at 2688. The amendments which are made retroactive as contemplated in § 3582(c)(2) are listed at § 1B1.10 of the Guidelines. See United States v. Stewart, 595 F.3d 197, 200-01 (4th Cir. 2010).

The Sentencing Commission has modified the guidelines range to implement the Fair Sentencing Act, but has not yet determined whether any such amendment will be apply retroactively. See Notice of Proposed Amendment, 76 Fed. Reg. 3,193-02 (Jan. 19, 2011). The Fourth Circuit has held that the Fair Sentencing Act does not apply retroactively, and as such the court cannot grant defendant's request for a sentence reduction at this time. See United States v. Bollard, __ F.3d __, 2011 WL 1718894 (4th Cir. 2011). However, future action by the Commission may allow defendant to seek a reduction in his sentence based on § 3582(c)(2). Accordingly, defendant's motion to reduce his sentence (DE # 53) is DENIED without prejudice.

SO ORDERED, this the 19th day of May, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

3